IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-462-BO

| | |
|---|---|
| JANET PHILYAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ANDREW SAUL, ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 21, 23]. A hearing was held on these matters before the undersigned on November 10, 2020 via videoconference. For the reasons discussed below, plaintiff's motion for judgment on the pleadings is DENIED and defendant's motion is GRANTED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for period of disability and disability insurance benefits pursuant to Title II of the Social Security Act and her application for supplemental security income pursuant to Title XVI of the Social Security Act. Plaintiff protectively filed an application for benefits on August 7, 2017 and alleged a disability onset date of June 15, 2017. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ), which occurred on June 4, 2019. The ALJ issued an unfavorable ruling, finding that plaintiff was not disabled, which became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe

impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since June 15, 2017, the ALJ found that plaintiff had asthma, generalized anxiety disorder, obesity, depression/anxiety, and psycho tremors, but that they did not meet or medically equal the severity of one of the listed impairments. The ALJ found that plaintiff could perform a limited range of medium work activity and that, although she was unable to perform her past relevant work activities, she could perform other work that exists in significant numbers in the national economy.

Plaintiff challenges the ALJ's RFC finding as unsupported. Contrary to plaintiff's argument, the ALJ considered and gave appropriate weigh to the medical opinions in accordance with the overall record and revised regulations. Here, the ALJ weighed the evidence and gave sufficient reasons to support his determination. Dr. Jerome Albert's opinion used terms such as "probably" and "may," and did not give any explanation as to way she could no longer sustain attention to work fulltime as a restaurant manager. Ms. Marina Turner's first opinion indicates that plaintiff is disabled, but does not provide discussion, identify specific medical issues, or list any

3

symptoms. Her second opinion had inconsistencies and was not supported by the medical record, which states that plaintiff was doing well on medications and after a cervicocranial junction decompression. Tr. 24. For example, the opinion stated that plaintiff could only sit for fifteen minutes at a time and was unable to drive because of nausea and dizziness, but plaintiff drove ten miles for her hearing. Finally, Ms. April DeSelms's opinion similarly lacked discussion and contradicted many of plaintiff's own statements, while Ms. Shaquasha Williams's opinion did not explain the selected limitations and was internally inconsistent.

The Court finds no error in the ALJ's analysis or explanation of the weight afforded to the medical opinions. The RFC finding is sufficiently supported by substantial evidence.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the decision as a whole is supported by substantial evidence and the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 21] is DENIED and defendant's motion [DE 23] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this _13_ day of November, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE